IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JESSE MANUEL SKINNER**                                    **PLAINTIFF**

**v.**                                      **Civil No. 1:19cv319-HSO-JCG**

**GPCH-GP, INC.,** *and* **WILLIAM E. WHITFIELD, III**

                                                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTION [14] TO DISMISS AND DISMISSING CASE WITH PREJUDICE**

BEFORE THE COURT is the Motion [14] of Defendants GPCH-GP, Inc., and William E. Whitfield, III to Dismiss, or in the Alternative, Motion for Summary Judgment. This suit arises out of *pro se* Plaintiff Jesse Manuel Skinner's attempts to obtain evidence in the form of medical records allegedly linked to the 2003 criminal conviction for which he is currently incarcerated. Skinner asserts that Defendants have an obligation to provide him with the medical records of law enforcement officers who were injured while attempting to arrest him.

Defendants seek dismissal of Skinner's suit, asserting that his claims are barred by the doctrine of res judicata and by the applicable statutes of limitations, and further that Skinner's pleadings fail to state a claim upon which relief may be granted. Having considered the parties' submissions, the record, and relevant legal authority, the Court is of the opinion that Defendants' Motion [14] to Dismiss should be granted and that this civil action should be dismissed with prejudice.

## I.   BACKGROUND

On July 2, 2002, law enforcement executed a "no-knock" search warrant at a residential trailer located on real property belonging to Plaintiff Jesse Manuel Skinner ("Skinner" or "Plaintiff"). Am. Compl. [12-1] at 3; Resp. [18] at 4. During the search, two agents, John Bordages and Craig Shows, claimed that they were injured by a shotgun trap which Skinner had rigged to discharge if the trailer door was breached. Resp. [18] at 2, 4. The agents were treated for their injuries at Garden Park Medical Center, which is owned and operated by Defendant GPCH-GP, Inc. ("GPCH"). Am. Compl. [12-1] at 1, 3. Skinner was subsequently convicted of drug and assault charges and remains incarcerated for those crimes. Resp. [18] at 3; Def. Mem. [15] at 2.

On June 8, 2012, Skinner and a co-plaintiff sued Bordages, Shows, and GPCH in this Court asserting that the agents did not actually sustain any injuries from Skinner's shotgun trap and that evidence of this could be found in their medical records, which GPCH possessed. *See* Complaint, *Skinner, et al. v. Meynardie, et al.*, No. 1:12cv178-HSO-RHW (S.D. Miss. June 8, 2012), ECF No. 1. GPCH sought dismissal of the case, but the plaintiffs voluntarily dismissed the case before the Court could rule on GPCH's motion. *See* Notice of Voluntary Dismissal, *Skinner, et al. v. Meynardie, et al.*, No. 1:12cv178-HSO-RHW (S.D. Miss. Aug. 1, 2013), ECF No. 43.

On the same day they filed their voluntary dismissal, Skinner and his co-plaintiff filed a new lawsuit in this Court, advancing conspiracy and RICO claims against GPCH and seeking disclosure of medical records related to the treatment

provided to Bordages and Shows.  *See* Complaint, *Skinner, et al. v. Bordages, et al.*, No. 1:13cv314-HSO-RHW (S.D. Miss. Aug. 1, 2013), ECF No. 1.  In that case, the plaintiffs alleged that GPCH conspired with the agents and other defendants to conceal the fact that neither of the agents were actually injured by Skinner's shotgun trap.  *Id.* at 23-28.  GPCH moved for dismissal under Federal Rule of Civil Procedure 12(b)(6), asserting that Skinner's claims against it were time-barred.  *See* Motion to Dismiss, *Skinner, et al. v. Bordages, et al.*, No. 1:13cv314-HSO-RHW (S.D. Miss. Jan. 6, 2014), ECF No. 22.  The Court granted GPCH's motion and dismissed the claims against GPCH on September 9, 2014.  *See Skinner, et al. v. Bordages, et al.*, No. 1:13cv314-HSO-RHW, 2014 WL 4426312 (S.D. Miss. Sept. 9, 2014) (dismissing as time-barred Skinner's civil conspiracy and RICO claims against GPCH).  On August 6, 2015, the Court dismissed the remaining claims in the case.  *See* Final Judgment, No. 1:13cv314-HSO-RHW (S.D. Miss. Aug.. 6, 2015), ECF No. 128.  Skinner appealed the Court's dismissal, and the United States Court of Appeals for the Fifth Circuit affirmed this Court's rulings.  *See Skinner v. Bordages*, 632 F. App'x 241, 241-42 (5th Cir. 2016) (per curiam).

Skinner filed the present lawsuit on June 12, 2019, against GPCH and its attorney, Defendant William Whitfield, III ("Whitfield"), who also represented GPCH in Skinner's two previous actions against it.  *See* Compl. [1].  Skinner's Amended Complaint [12-1] accuses Defendants of conspiring to violate his rights under the United States and Mississippi Constitutions by denying him access to the medical records and charges GPCH with a violation of the Sarbanes-Oxley Act of

2002 ("Sarbanes-Oxley").  Am. Compl. [12-1] at 2, 5; *see also* 18 U.S.C. § 1519.
Skinner seeks injunctive relief in the form of an Order directing GPCH to turn over
the medical records related to the treatment of Bordages's and Shows's injuries.  *Id.*
at 6.

Defendants have filed the instant Motion [14] to Dismiss, seeking dismissal
of Skinner's suit under Federal Rule of Civil Procedure 12(b)(6), or in the
alternative, seeking summary judgment under Federal Rule of Civil Procedure 56.
Mot. [14] at 1.  Defendants assert that Skinner's claims are barred by the doctrine
of res judicata and by the applicable statutes of limitations, and that they do not
otherwise state a valid cause of action.  *Id.* at 2.

## II.   DISCUSSION

A.   Legal standard

When presented with a motion to dismiss pursuant to Federal Rule of Civil
Procedure 12(b)(6), a court "must assess whether the complaint contains sufficient
factual matter, accepted as true, to state a claim for relief that is plausible on its
face . . . ."  *Spitzberg v. Houston Am. Energy Corp.,* 758 F.3d 676, 683 (5th Cir.
2014) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v.
Twombly,* 550 U.S. 544, 570 (2007)).  A complaint does not need detailed factual
allegations, but it must provide "more than labels and conclusions, and a formulaic
recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at
555.  While a court must accept all well-pleaded facts as true and view those facts in
the light most favorable to the plaintiff, *Varela v. Gonzales,* 773 F.3d 704, 707 (5th
Cir. 2014) (citation omitted), a plaintiff must plead "factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

B.  Skinner's claims against Defendant GPCH

Skinner accuses Defendant GPCH of entering into a conspiracy to deprive him of his rights under the United States and Mississippi Constitutions. Am. Compl. [12-1] at 2. Additionally, he asserts that GPCH violated Section 802 of the Sarbanes-Oxley Act by withholding evidence that was the subject of the criminal prosecution against him. Am. Compl. [12-1] at 5; *see also* 18 U.S.C. § 1519. GPCH argues that res judicata bars Skinner from bringing these claims. Mot. [14] at 2. Skinner contends that his suit should not be dismissed under res judicata because he is seeking injunctive relief to which "procedural hurdles . . . simply do not apply . . . ." Resp. [18] at 8 (emphasis omitted).

The Fifth Circuit has observed that "generally a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense." *Test Masters Educational Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005). There are two exceptions to this rule, *Lacroix v. Marshall Cty*, 409 F. App'x 794, 798 (5th Cir. 2011), one of which permits a court to dismiss an action sua

5

sponte on res judicata grounds where both actions were brought before the same court, *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980). GPCH argues that because the previous action which bars Skinner from bringing the present one was the 2013 litigation before this Court, the Court may address under Rule 12(b)(6) whether res judicata applies and warrants dismissal of Skinner's claims. The Court agrees and will consider GPCH's res judicata argument under the Rule 12(b)(6) standard.

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Singh*, 428 F.3d at 571. In order for res judicata to bar a claim, four elements must be present:

(1) the parties must be identical in the two actions;
(2) the prior judgment must have been rendered by a court of competent jurisdiction;
(3) there must be a final judgment on the merits; and
(4) the same claim or cause of action must be involved in both cases.

*In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 330 (5th Cir. 2007).[1]

The first three elements of res judicata are clearly present in this case. First, there is no dispute that Skinner was one of two plaintiffs in the 2013 litigation and that he named GPCH as a defendant. *See* Complaint, *Skinner, et al. v. Bordages, et al.*, No. 1:13cv314-HSO-RHW (S.D. Miss. Aug. 1, 2013), ECF No. 1. Second, the judgment in the 2013 litigation was rendered by this Court, which had jurisdiction over the action. Third, the Court's judgment on Skinner's claims was a final

---

[1] Skinner has made a conclusory allegation that the principles of res judicata do not apply in this case because he is seeking injunctive relief. Resp. [18] at 11; Surreply [20] at 2. This argument lacks merit. *See Dugan v. Cavenham Forest Indus, Inc.*, No. 93-3554, 1994 WL 442379, at *4 (5th Cir. July 27, 1994) (finding that res judicata barred plaintiff from bringing claims for injunctive relief); *see also Parker v. McKeithen*, 488 F.2d 553, 557-58 (5th Cir. 1974) (holding that, under the principles of res judicata, it is "immaterial that the two actions are based on different grounds, or tried on different theories, or instituted for different purposes, and seek, different relief")

judgment of dismissal on the merits. *See Bordages*, 2014 WL 4426312 at *8; *see also Brooks v. Raymond Dugat Co. L C,* 336 F.3d 360, 362 (5th Cir. 2003) ("A dismissal with prejudice is a final judgment on the merits.").

In order to determine whether Defendants have shown the fourth element necessary for the application of res judicata, the "critical issue is whether the two actions are based on the 'same nucleus of operative facts.'" *Singh*, 428 F.3d at 571 (quoting *New York Life Insur. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000)). This determination requires that a court analyze "the factual predicate of the claims asserted." *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d at 330 (citation omitted).

Skinner's 2013 complaint alleged that GPCH had entered into a conspiracy with law enforcement officers to conceal medical records that would show that Bordages and Shows had not been injured by Skinner's shotgun trap. *See* Complaint, *Skinner, et al. v. Bordages, et al.*, No. 1:13cv314-HSO-RHW (S.D. Miss. Aug. 1, 2013), ECF No. 1. Skinner filed the present lawsuit based entirely upon the same premise. *See* Am. Compl. [12-1] at 2-4 (alleging that "[P]laintiff has a guaranteed Constitutional Right . . . to review these medical evidence records [of Bordages and Shows] and these defendants . . . are in collusion with each other . . . to keep suppressed this medical evidence records from plaintiff . . . ."). As such, the same cause of action is involved in both the 2013 litigation and this case. The Court is therefore of the opinion that all four elements of res judicata are present, and that Skinner's claims against GPCH should be dismissed on grounds of res judicata.

GPCH has alternatively moved for summary judgment under Federal Rule of

Civil Procedure 56. Mot. [14] at 1. Where the elements of res judicata are not apparent on the face of the complaint or where they require a court to consider documents outside those properly considered under Rule 12(b)(6), a court may treat a party's motion to dismiss as one for summary judgment without committing reversible error. *See Clark v. Amoco Prod. Co.*, 794 F.2d 967, 972 (5th Cir. 1986); *see also Dean v. Miss. Board of Bar Admissions*, No. 2:06cv46-LG-RHW, 2010 WL 11681649, at *2 (S.D. Miss. Jan. 7, 2010).

The Court has already found that the pleadings in this case, relevant matters in the public record, and the Court's knowledge and experience with this dispute, support dismissal of Skinner's claims under the principles of res judicata. *See Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (holding that it is proper for a district court to take judicial notice of matters of public record in making a res judicata determination on a Rule 12(b)(6) motion). However, even if this evidence was not properly considered under a Rule 12(b)(6) analysis, the Court finds that the elements of res judicata have been established beyond any material dispute of fact, and also support dismissal of Skinner's claims against GPCH under the summary judgment standard.

Additionally, Skinner's conspiracy claim is clearly barred by the applicable statute of limitations. In its Order dismissing Skinner's conspiracy claims against GPCH in his 2013 litigation, this Court held that a three-year statute of limitations applied to his claims and that the action was time-barred because he filed it ten years after his cause of action accrued. *Bordages*, 2014 WL 4426312 at *5. Thus,

Skinner's current action, asserting the same claim and filed seventeen years after the statute of limitations began to run, is also time-barred.

C.    Skinner's claims against Defendant Whitfield

The Amended Complaint accuses Defendant Whitfield of "enter[ing] into [an] agreement with persons known and unknown to plaintiff . . . to deprive plaintiff of guaranteed Constitutional Rights secured by the United States Constitution and the Mississippi Constitution," while "acting as 'agent' and 'constituant [sic] liaison officer'" for GPCH.  Am. Compl. [12-1] at 2.  Whitfield argues that he served as GPCH's outside counsel and registered agent, and that Skinner has not stated a valid claim for individual liability against him.  Mot. [14] at 3.  Skinner does not refute this argument in his Response [18].

Even if Skinner's allegations of a civil conspiracy against GPCH were true, he has not pled sufficient facts to state a claim for relief as against Whitfield in his individual capacity.  The Amended Complaint's only factual assertion against Whitfield is that he responded on GPCH's behalf to a letter sent by Skinner requesting that GPCH preserve the medical records of Bordages and Shows.  Am. Compl. [12] at 2; Pl. Ex. A [1-1]; Pl. Ex. B [1-2].  Other than Skinner's conclusory allegation that Whitfield conspired with GPCH to deprive him of his constitutional rights, Skinner has not alleged any other facts that would allow the Court to draw a reasonable inference that Whitfield would be liable for GPCH's alleged misconduct.

Alternatively, Skinner's claim against Whitfield is time-barred.  A federal court sitting in diversity applies statutes of limitations in accordance with state law.  *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 373 (5th Cir. 2011).  Under

9

Mississippi law, conspiracy claims are subject to a three-year statute of limitations. *Am. Bankers' Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1200 (Miss. 2001) (citing Miss. Code Ann. § 15-1-49). "[A] 'cause of action accrues only when it comes into existence as an enforceable claim; that is, when the right to sue becomes vested . . . ." *Angle v. Koppers, Inc.*, 42 So. 3d 1, 7 (Miss. 2010) (quoting *Owens-Illinois, Inc. v. Edwards*, 573 So. 2d 704, 706 (Miss 1990)). To the extent a cause of action involves a latent injury, the cause of action accrues upon the "discovery of the injury, not [the] discovery of its cause." *Barnes ex rel. Estate of Barnes v. Koppers, Inc.*, 534 F.3d 357, 360 (5th Cir. 2008).

Skinner's alleged injury, that he was convicted of assault with a deadly weapon as a result of being denied access to Bordages's and Shows's medical records, or that he has otherwise been denied access to those records, accrued at the latest in June 2003. Jury Verdict, June 9, 2003 [102], Case No. 1:02-cr-93-DCB-JMR-1; *see also Bordages*, 2014 WL 4426312 at *5. Skinner alleges that Bordages's and Shows's "feigned" injuries led to his assault conviction and that he was unable to prove during his criminal trial that these injuries were fake because he did not have access to their medical records. Am. Compl. [12-1] 2-4. Thus, any conspiracy claim based upon Skinner's inability to access the medical records would have to have been brought by June 9, 2006, three years from the date of his conviction. Skinner's current claim against Whitfield is therefore barred by the statute of limitations. *See Bordages*, 2014 WL 4426312 at *5 (dismissing as time-barred Skinner's conspiracy claim against GPCH for refusing to release Bordages's and

10

Shows's medical records).

### III.  SANCTIONS WARNING

This is the third time Skinner has sued Defendant GPCH in this Court in an effort to obtain the medical records of Bordages and Shows.  *See* Compl. [1]; Complaint, *Skinner, et al. v. Bordages, et al.*, No. 1:13cv314-HSO-RHW (S.D. Miss. Aug. 1, 2013), ECF No. 1; Complaint, *Skinner, et al. v. Meynardie, et al.*, No. 1:12cv178-HSO-RHW (S.D. Miss. June 8, 2012), ECF No. 1.  Skinner has also pursued these records in another court via a Freedom of Information Act request, which was denied.  *See Skinner v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, No. 12-5319, 2013 WL 3367431 (D.C. Cir. May 31, 2013).  Skinner is proceeding *in forma pauperis* in this Court and he is reminded that *in forma pauperis* litigants are still subject to sanctions under Federal Rule of Civil Procedure 11, Fed. R. Civ. P. 11; *Jackson v. Carpenter*, 921 F.2d 68, 69 (5th Cir. 1991), and the three strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

While "[i]t is very important to our treasured system of justice that our courts be open to anyone with a case or controversy presenting a justiciable claim[,] . . . [f]rivolous cases harm the justice system."  *Holloway v. Hornsby*, 23 F.3d 944, 946 (5th Cir. 1994).  It is within the Court's power to sanction a pro se litigant for filing plainly frivolous, malicious, or vexatious lawsuits.  *See Vinson v. Tex. Bd. of Corr.*, 901 F.2d 474, 475 (5th Cir. 1990) (affirming district court's $150 sanction of pro se prisoner).  The statute governing *in forma pauperis* proceedings states that the Court shall dismiss the case of a plaintiff proceeding *in forma pauperis* at any time

if the Court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The statute further dictates that

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Because the Court is dismissing Skinner's action under Rule 12(b)(6), and because the Court further finds that the claims raised in this case are frivolous and merely designed to harass Defendants, 28 U.S.C. § 1915(g) applies to the Court's dismissal. *See Lewis v. Goodwin*, 810 F. App'x 332 (5th Cir. 2020) (finding that the Rule 12(b)(6) standard is used when dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii)). Skinner is cautioned that if he accumulates three strikes, he will not be permitted to proceed *in forma pauperis* in any civil action that is filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *Otis v. Tex. Bureau of Criminal Justice*, 812 F. App'x 274, 274 (5th Cir. 2020). Further, Skinner is warned that if he files another frivolous lawsuit seeking disclosure of Bordages's and Shows's medical records, he will be subject to the full range of sanctions, up to and including monetary sanctions or the Court directing the Clerk of Court to reject any filing from him unless he first receives specific permission to make such a filing from a District Judge of this district. *Holloway*, 23 F.3d at 946.

IV.   CONCLUSION

Because Defendant Whitfield has shown that Skinner has not sufficiently pleaded a conspiracy claim against him, Defendant Whitfield is entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6).  Similarly, under either a Rule 12(b)(6) standard or a summary judgment standard, Defendant GPCH is entitled to dismissal of Skinner's claims against it because they are plainly frivolous under the principles of res judicata and because they are barred by the applicable statute of limitations.  Finally, Skinner is warned that instituting further litigation raising these or similar claims may result in the imposition of sanctions.  To the extent the Court has not specifically addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [14] of Defendants GPCH-GP, Inc. and William E. Whitfield, III to Dismiss, or in the Alternative, Motion for Summary Judgment is **GRANTED**, and  Plaintiff Jesse Manuel Skinner's claims are **DISMISSED WITH PREJUDICE**.  The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 6th day of August, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE